UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD A. PRATT,                                :
              Plaintiff,                        :
                                                :
       v.                                       :       C.A. No. 15-501PAS
                                                :
NANCY A. BERRYHILL, ACTING                      :
COMMISSIONER OF SOCIAL SECURITY,                :
              Defendant.                        :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

       Plaintiff Ronald A. Pratt has moved for an attorney's fee award in the total amount of

$13,359.74 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF

Nos. 25, 29.  Defendant Nancy A. Berryhill, Acting Commissioner of Social Security (the

"Commissioner") objects.  Citing Guimond v. Soc. Sec. Admin. Comm'r, No. 1:10-CV-00037-

JAW, 2011 WL 3100537 (D. Me. July 25, 2011), she challenges only the amount of time spent

working on the case, arguing that it is beyond what is "customarily reported by counsel in

routine cases."  While she questions the reasonableness of the time spent on Plaintiff's initial

brief (21.7 hours), she raises particular concern about the number of hours spent on the reply

brief (30.8 hours).  Otherwise, the Commissioner does not dispute that Plaintiff is entitled to an

EAJA fee award or the hourly rate requested.

       A fee-shifting award under EAJA should be reduced to account for the prevailing party's

relative degree of success.  McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1478-

79 (1st Cir. 1989).  However, unlike Guimond, where the Court reduced the award in recognition

that the claimant had made an unsuccessful argument, as well as because the issues were not

complex, Plaintiff prevailed on all of the issues that he presented to the Court in this case.

Moreover, as noted during argument, the briefs from both sides were "very helpful."  ECF No. 27 at 3.  Nevertheless, a reply is supposed to be limited in scope to addressing new issues not addressed in the initial brief.  Accordingly, I find that the expenditure of substantially more time on the reply than on the initial brief is not reasonable; the unreasonableness of over thirty hours on the reply is confirmed by the Commissioner's representation that she invested only seventeen hours in the brief that the reply was intended to address.  This analysis compels my finding that fifteen hours is reasonable for the reply; therefore, I order that the total award be reduced according.  Further, based on the lack of success on this issue, Plaintiff's fee request for the preparation of the reply to the Commissioner's opposition to the fee award should be reduced from 5.1 hours to 4 hours.

Based on the foregoing, Plaintiff's motion (ECF No. 25) is granted to the extent that he is awarded a total of $10,106.09 for the reasonable fees expended on this matter.

So ordered.


ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 16, 2017